MARK FANG, ATTORNEY AT LAW, APC
Mark M. Fang, SBN 199073
mfang@markfangapc.com
400 Camarillo Ranch Rd., Suite 2013
Camarillo, California 93012
Telephone: 805-383-2788
Facsimile: 805-388-9488
*Attorneys for Defendants*
*TOMTOP GROUP, LTD.; SHENZHEN TOMTOP TECHNOLOGY CO., LTD.;*
*and XINHUI LIAO a/k/a MIKE LIAO*

HINSHAW & CULBERTSON LLP
Mark K. Suri
msuri@hinshawlaw.com
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
*Attorneys for Defendants*
*TOMTOP GROUP, LTD.; SHENZHEN TOMTOP TECHNOLOGY CO., LTD.;*
*and XINHUI LIAO a/k/a MIKE LIAO*
*(Pro Hac Vice Application to be Submitted)*

Filomena E. Meyer
fmeyer@hinshawlaw.com
11601 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: 310-909-8012
Facsimile: 310-909-8001
*Attorneys for Defendants*
*TOMTOP GROUP, LTD.; SHENZHEN TOMTOP TECHNOLOGY CO., LTD.;*
*and XINHUI LIAO a/k/a MIKE LIAO*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| HDMI LICENSING, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>TOMTOP GROUP, LTD.;<br>SHENZHEN TOMTOP<br>TECHNOLOGY CO., LTD.; and<br>XINHUI LIAO a/k/a MIKE LIAO<br><br>*Defendants* | Case No. 2:16-cv-06923-JFW-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DEFENDANT TOMTOP GROUP, LTD; SHENZHEN TOMTOP TECHNOLOGY CO., LTD; and XINHUI LIAO a/k/a MIKE LIAO TO DISMISS COMPLAINT**<br><br>**HEARING DATE:  December 19, 2016**<br>**TIME:  1:30 p.m.**<br>**JUDGE:  Honorable John F. Walter**<br>**COURTROOM:  7A**<br><br>**Initial Complaint Filed: 09/14/2016** |

1

**TO THE HONORABLE COURT AND ALL PARTIES:**

# I. INTRODUCTION

This case is brought by an entity that created a universal standard for connecting together high definition audio visual equipment against a reseller of high definition audio visual equipment that uses such standard connectors. Plaintiff HDMI Licensing, LLC ("Plaintiff") created a standard for connecting computers, video equipment and the like with a connector that has a particular physical configuration. The standard is descriptively called "High Definition Multimedia Interface" and abbreviated as "HDMI." According to Plaintiff, over 3 billion devices worldwide have been made that use this standard connector. The connector is not protected by patents, copyrights or trade secrets or any other means of protecting an invention. Instead, Plaintiff seeks to protect the design by precluding third parties from using the term HDMI in connection with products that include that particular physical configuration as a connector.

Because there is no other way to refer to a connector with that particular physical configuration other than as a HDMI connector, any use Defendant has made of the term HDMI is a nominative fair use. Because there are no amendments to the Complaint that Plaintiff can make to overcome the substantive deficiencies, the Complaint should be dismissed with prejudice.

# II. FACTUAL ALLEGATIONS

According to Plaintiff, the HDMI connector is "ubiquitous and is the undisputed global standard for connecting high definition transmitters to high definition displays." Complaint, Dkt. 1 ¶18. Plaintiff continues, "Almost all recently manufactured digital TVs, AV receivers, DVRs, blue-ray disk players, and set top boxes, as well as many multi-media PCs, laptops and netbooks, gaming consoles, camcorders, digital still cameras, mobile devices, etc. incorporate the HDMI specification." *Id.* ¶18. There are "3 billion products" that use the HDMI connector. *Id.* ¶19.

1    Defendant Shenzhen Tomtop Technology Co., Ltd. ("Tomtop China") is a
2    corporation organized under the laws of china and is located in Guangdong, China.
3    Complaint ¶ 7. Tomtop China is a reseller of goods made by others, and it sells goods
4    through its website and the website of third parties. *Id.* ¶ 34. Tomtop China sells
5    product directly to customers including in the United States. For some sales into the
6    United States, Tomtop China may use co-Defendant Tomtop Group Ltd. to distribute
7    goods.

8    Defendant Tomtop Group, Ltd. ("Tomtop US") is a California limited liability
9    company. Tomtop US operates distributes products on behalf of Tomtop China in the
10   United States. *Id.* ¶ 41.

11   Defendant Xinhui Liao a/k/a Mike Liao[1] is an individual, a citizen of China
12   who resides and works in Guangdong, China.

13   Plaintiff asserts that some of the products sold by Tomtop China and/or
14   distributed by Tomtop US include the term HDMI in identifying a particular type of
15   cable that can be used in connection with the products. *Id. passim.* Plaintiff alleges
16   that this use of the term HDMI to identify the type of cable constitutes trademark
17   infringement, counterfeiting and unfair competition. *Id. passim*

18   Specifically, Plaintiff alleges that Defendants' use of the term HDMI
19   constitutes federal trademark infringement under the Lanham Act, 15 U.S.C.
20   §1114(a) (Count I), trademark counterfeiting under the Lanham Act, 15 U.S.C.
21   §1114(b), 1116(d) and 1117(b)-(c) and false designation of origin under the Lanham
22   Act, 15 U.S.C. §1125(a) (Count III), and unfair competition under California
23   Business and Professions Code §17200 *et seq.* (Count IV). Plaintiff seeks to
24   preliminarily and permanently enjoin Defendants from using the term HDMI to
25   identify the type of cable that can be used to connect their products, related marketing

26   _____

27   [1] As set forth in the Joint Statement, Dkt. 35, filed November 14, 2016, Plaintiff has agreed to dismiss with prejudice the individual defendant Xinhui Liao a/k/a Mike Liao in exchange for Tomtop China agreeing to accept service of process
28   on it and to not contest jurisdiction. Accordingly, although Plaintiff has not yet dismissed Mr. Liao from the case, it is understood that it will do so shortly.

3

1  materials, disgorgement of profits, damages and other relief. Complaint, Prayer for

2  Relief. Because the use of the term HDMI by Defendant constitutes a nominative fair

3  use, Defendants bring the instant Motion to Dismiss, which should be granted

4  without leave to amend.

5                             **III. LEGAL ANALYSIS**

6  **1.    The Fair Use Defense Precludes Any Liability for Trademark**

7         **Infringement**

8      **A.    Dismissal at the Pleading Stage is Appropriate.**

9      Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the

10  Plaintiff's claim. Dismissal is warranted if no relief could be granted under any set of

11  facts that could be proved consistent with the allegations. *Bell Atlantic Corp. v.*

12  *Twombly,* 550 U.S. 544, 563 (2007). In making this determination, the court is not

13  required to construe "conclusory allegations of law and unwarranted inferences" in

14  favor of the nonmoving party. *See In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 926

15  (9th Cir. 1996); *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003) (a court

16  should "not accept any unreasonable inferences or assume the truth of legal

17  conclusions cast in the form of factual allegations."). A plaintiff must plead "factual

18  content that allows the court to draw the reasonable inference that the defendant is

19  liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing

20  *Twombly,* 550 U.S. at 556). A pleading that offers "labels and conclusions" or "a

21  formulaic recitation of the elements of a cause of action will not do." *Id.* (citing

22  *Twombly,* 550 U.S. at 555). Nor does a complaint suffice it if offers "naked

23  assertion[s]" devoid of "further factual enhancement." *Id.* (*citing Twombly,* 550 U.S.

24  at 557).

25      Dismissal of a trademark claim based on a nominative fair use defense at the

26  pleading stage may be appropriate in certain circumstances, if "the pleadings fail to

27  allege a mark use beyond nominative fair use," such as is the case here. Gibson

28  Brands, Inc. v. John Hornby Skewes & Co., Ltd., No. CV 14-00609 DDP(SS), 2015

4

MEMORANDUM OF POINTS AND AUTHORITIES FED.R.CIV.P. 12(B)(6) IN SUPPORT OF THE MOTION TO DISMISS COMPLAINT
131548214V1 0991426

1  WL 4651250, at *4-6 (C.D. Cal. Aug. 4, 2015) (citing numerous cases dismissing

2  complaints with prejudice at the pleading stage based on the nominative fair use

3  defense).

4      **B.    Defendant's Nominative Fair Use of the Asserted Trademark Is a**

5           **Complete Defense to Plaintiff's Allegations.**

6      The nominative fair use defense precludes any liability for trademark

7  infringement. For purposes of this motion, Defendants assume that the term HDMI is

8  a trademark and is owned by Plaintiff. This motion further assumes that Defendants

9  use Plaintiff's mark, albeit to refer to products sold by Defendants. Here, "Plaintiff's

10 product" is a connector type of a certain physical configuration originally created by

11 Plaintiff or its members. The use by Defendants of Plaintiff's mark to refer to

12 "Plaintiff's product" is to inform consumers that Defendants' products may be used

13 with cables and connectors that have a particular physical configuration that was

14 initially created by members of Plaintiff. *Cairns v. Franklin Mint*, 292 F.3d 1139,

15 1151 (9th Cir. 2002) ("The nominative fair use analysis is appropriate where a

16 defendant has used the plaintiff's mark to describe the plaintiff's product, even if the

17 defendant's ultimate goal is to describe his own product.").

18     **C.    The Only Way to Refer to an HDMI Cable is to Call It an HDMI**

19          **Cable.**

20     According to the Complaint, Plaintiff ordered from Tomtop China a "'Viltrox

21 DC-7011 1024 600 7" Clip-On Color TFT LCD HD Monitor HDMI AV Input for

22 DSLR Camera Camcorder' and 'HDMI Portable Mini LED Projector Home Cinema

23 Theater HDMI AV VGA USB SD Golden US Plug.'" Complaint ¶ 40. These

24 products are marketed by Tomtop China and are available on Tomtop China's

25 website. *Id.* ¶ 34.

26     Each of these product "names" or titles is how Defendants identified the

27 product in the listing for the product. *See* Ex. 1, a copy of Plaintiff's Ex. D attached to

28 the Complaint, with the uses of the term HDMI on the website highlighted for the

1  Court's reference. In addition, the product packaging refers to "HDMI input" or some
2  other reference to an HDMI connector. *See* Ex. 2, a copy of Plaintiff's Ex. E attached
3  to the Complaint, with the uses of the term HDMI on the product packaging
4  highlighted for the Court's reference.

5
6
7
8
9



10
11
12
13
14
15

16  *See* Ex. 2. In each of these examples, and in any other use Defendants have made of
17  the term HDMI, Defendants use the term to refer to a specific type of audio visual
18  ("AV") input/output device or connector.

19      As provided by Plaintiff, here is a picture of an HDMI cable, showing the
20  particular physical configuration that is called HDMI:

21
22
23



24
25  *See* Complaint ¶ 15. As can be seen, the cable ends have a particular physical
26  configuration. Just as Plaintiff called it throughout the Complaint, the cable is called
27  an HDMI cable and all HDMI cables have this particular physical configuration.
28  Receptacles for HDMI cables are likewise called HDMI ports or jacks or HDMI

6

1    input/output connectors. *See* Complaint, *passim*. The term HDMI is a necessary part

2    of those descriptors.

3        No one would think that Defendants' use of the term HDMI was as a

4    trademark, but as a way to refer to the type of connector that its products can use.

5    Indeed, most people that use one of the 3 billion HDMI connectors probably have no

6    idea that anyone claims the exclusive right to use the term HDMI. Because there is no

7    other way to refer to this particular physical configuration for a connector other than

8    an HDMI connector, Defendants' use of the term HDMI is a nominative fair use and a

9    complete defense to a charge of trademark infringement.

10       A "nominative" use of a trademark is the use of a trademark to identify or refer

11    to the mark holder's product or service, and does not give rise to any cause of action

12    under trademark law. Nominative uses of a trademark fall outside the scope of

13    activities prohibited by the Lanham Act. The Ninth Circuit acknowledged this in the

14    case *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 306 (9th

15    Cir.1992). In that case, the Court held that permissible, nominative use of another's

16    mark exists where (1) the product or service in question is not readily identifiable

17    without use of the trademark; (2) only so much of the mark is used as is reasonably

18    necessary to identify the product or service; and (3) the user does nothing that would,

19    in conjunction with its use of the mark, suggest sponsorship or endorsement by the

20    mark holder. "[I]f the nominative use satisfies the three-factor *New Kids* test, it

21    doesn't infringe." *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1176

22    (9th Cir. 2010); *see also Cairns*, 292 F.3d at 1150 (nominative fair use analysis

23    replaces the traditional likelihood of confusion analysis under *AMF Inc. v. Sleekcraft*

24    *Boats*, 599 F.2d 341 (9th Cir.1979)).

25       In the *New Kids* case, the plaintiffs, a rock band, asserted that two newspapers

26    had violated the band's trademark rights by using its name in a poll and subsequent

27    articles publishing the results of the poll. 971 F.3d at 304. The poll asked readers to

28    vote for their favorite New Kids band member by calling a 900 number at a cost of

1  50 cents per call. *Id*. New Kids claimed that use of its trademark implied that it

2  sponsored or endorsed the poll, and thus was trademark infringement. *Id*. at 308.

3       The Ninth Circuit rejected the band's claims, finding no infringement by the

4  defendants' use of the band's name. *Id*. at 308-09. The court stated "[i]t is no more

5  reasonably possible … to refer to the New Kids as an entity than it is to refer to the

6  Chicago Bulls, Volkswagens or the Boston Marathon without using the trademark."

7  *Id*. at 308. Nothing about the poll falsely claimed or even suggested that the band

8  sponsored or endorsed the poll. In that case, "use of the trademark does not imply

9  sponsorship or endorsement of the product because the mark is used only to describe

10  the thing, rather than to identify its source." *Id*. at 306 (emphasis added). Courts in

11  the Ninth Circuit have consistently followed the *New Kids* precedent in other

12  nominative fair use cases. *See, e.g., J.K. Harris & Co., LLC v. Kassel,* 253 F.Supp.2d

13  1120, 1127 (N.D. Cal. 2003) (competitor's use of trademark when criticizing the

14  plaintiff's services was nominative fair use); *Playboy Enterprises, Inc. v. Welles,* 279

15  F.3d 796, 802-03 (9th Cir.2002) (former Playboy model could use Playboy

16  trademarks on her website).

17       **1.**    **Defendants' Use of the Term HDMI Meets the New Kids**

18                 **Three Factor Test.**

19       First, there is simply no other way to refer to audio visual connectors of

20  this particular physical configuration without using the term HDMI. Use of a generic

21  or descriptive reference to an audio visual connector will not inform the customer of

22  the particular physical configuration. Defendants use other terms to identify other

23  connectors which specify their physical configuration: VGA, SD, USB and the like.

24  *See* Ex. 1. There is no way to identify input/output jacks or cables that can connect to

25  those styles of connectors without using those terms. Use of a generic identifier for

26  Defendants' products ("input/output connector?" "audio-visual connector?") would no

27  more suffice as a reference for the specific connector than would use of some name

28  other than New Kids to refer to that band. 971 F.2d at 308."[i]t is no more reasonably

1  possible … to refer to the New Kids as an entity than it is to refer to the Chicago

2  Bulls, Volkswagens or the Boston Marathon without using the trademark. Indeed,

3  how could someone not conversant with the proper names of the individual New

4  Kids talk about the group at all?") Here, how could someone refer to a connector that

5  has that particular physical configuration without using the term HDMI? How would

6  a consumer distinguish between a VGA, USB or HDMI audio visual connector

7  without using those specific terms to identify them? It is simply not possible to have

8  an input/output connector jack that is compatible with the physical configuration of

9  an HDMI connector and to inform consumers of that fact without calling it an HDMI

10  connector. *See In re Dual Deck Video Cassette Recorder Antitrust Litigation*, 11 F.3d

11  1460, 1466-67 (9th Cir. 1993) (holding that Defendant's use of Plaintiff's registered

12  mark VCR-2 on Defendant's products to identify a connector jack was a fair use as a

13  matter of law). Indeed, nowhere in its complaint does Plaintiff offer an alternative

14  term that Defendants or any third party could use to identify this type of connector –

15  other than HDMI.

16      Second, Defendants use no more of Plaintiff's trademark rights than necessary

17  to let consumers know that Defendants' products include an HDMI connector. In

18  addition to asserting a trademark registration for the word mark HDMI, Plaintiff also

19  asserts a trademark registration for a design mark that includes a stylized version of

20  HDMI:

21
22  
**HDMI**
HIGH-DEFINITION MULTIMEDIA INTERFACE

23  *See* Complaint ¶ 21 and Ex. A at 3. Defendants use the acronym HDMI – but not the

24  stylized design shown above. *See, e.g.* Exs.1 and 2; *cf. New Kids*, 971 F.2d at 308, n.7

25  ("a soft drink competitor would be entitled to compare its product to Coca-Cola or

26  Coke, but would not be entitled to use Coca-Cola's distinctive lettering.").

27  Defendants' use of the term HDMI is no more conspicuous than any other connector

28

9

it identifies. *Id.* Defendants do not use a larger font or different font style for HDMI than for its other terms in its product "name" or title. *Id.*; *see also White Swan, Ltd. v Nature Co.*, 29 F3d 638, 1994 WL 374232, at *4 (9th Cir. July 15, 1994) (defendant's use of plaintiff's mark in an identical type face and size as its other verbiage supported summary judgement of nominative fair use). In its marketing materials, Defendants include HDMI along with the litany of other connectors its products include. *See* Exs. 1 and 2. "The mark is used only to describe the thing, rather than to identify its source." 971 F.2d at 306.

Third, Defendants have done nothing to suggest sponsorship or endorsement by Plaintiff of its products. *See* Complaint; *cf.* Exs. 1 and 2. Defendants do not assert that they have been certified or approved by Plaintiff. *See* Complaint ¶ 20 (referring to Plaintiff's certification efforts) *cf.* Ex. 1. Defendants do not assert that they have met the Plaintiff's specifications. *See id.* ¶ 13 (referring to Plaintiff's specifications); *cf.* Ex. 1. Defendants do not assert that they have submitted any products to any of Plaintiff's testing centers. *See id.* ¶ 26 (referring to test centers); *cf.* Ex. 1. Defendants do not refer to any of the individual members of Plaintiff or any actions taken by any of them or Plaintiff, and the Complaint does not allege any such references. Exs. 1 and 2. Indeed, the only thing Defendants do is let consumers know that the product may be connected to other audio visual equipment with an HDMI cable. *Id.*

Furthermore, Defendants do not use the term HDMI other than to identify that particular connector type. *See* Exs. 1 and 2. In addition to identifying the HDMI connector as usable with its products, Defendants website and the product packaging include a variety of other descriptive information about Defendants' products in the title. For example, the title also includes reference to VGA, USB, SD and other specifications, like 1024, 7", TFT, LCD and so on. VGA or Video Graphics Array refers to another connector type. USB or Universal Serial Bus also refers to another connector type. SD or Secure Digital refers to a memory card format. 1024 refers to

1   screen resolution. LCD refers to the type of screen. Thus, Defendants use a number of

2   terms to describe features of its products. Just as these terms are used to describe a

3   feature of Defendants' products, namely, that the products include these connector

4   jacks or other input/output receptacles, so is the term HDMI used.

## IV.  CONCLUSION

6         Because there is no other way to refer to an HDMI connector other than as an

7   HDMI connector, Defendants' use of the term HDMI is a nominative fair use.

8   Defendants' use of the term is protected by law and does not give rise to any

9   trademark infringement liability. Plaintiff's Complaint should be dismissed with

10  prejudice.

11  Dated: November 17, 2016          Respectfully submitted,

12                                    HINSHAW & CULBERTSON LLP

13                                    By:    /s/ Filomena E. Meyer
                                             Filomena E. Meyer
14
                                      Attorneys for Defendants
15                                    TOMTOP GROUP, LTD.; SHENZHEN
                                      TOMTOP TECHNOLOGY CO., LTD.; and
16                                    XINHUI LIAO a/k/a MIKE LIAO

17

18

19

20

21

22

23

24

25

26

27

28

11

# EXHIBIT  1

Case 2:16-cv-06923-JFW-AGR   Document 1-4   Filed 09/14/16   Page 1 of 8   Page ID #:45

# EXHIBIT D

8/12/2016 High Quality Viltrox DC-70II 1024 * 600 7'' Clip-On Color TFT LCD HD Monitor HDMI AV Input for DSLR Camera Camcorder from Tomtop.com

📱 Mobile | English ⌄ | Ship to 🇺🇸 United States ⌄ | US$ ⌄                    Sign In or Join Free ⌄ | My Account ⌄ | Order Tracking

# TOMTOP
Loving · Shopping · Sharing

What are you looking for?                    Search          ♡ Favorites

VR Glasses   waterproof watch   K6000 pro   RC Quadcopter   car DVR   Fingerprint

| Shop By Departments ⌄ | New Arrivals | Top Sellers | Presale | Free Shipping | Deals | Clearance | Con |

🏠 > Cameras & Photo Accessories > DSLR Video Supports & Rigs > Video Monitors

Viltrox DC-70II 1024 * 600 7" Clip-on Color TFT LCD HD Monitor HDMI AV DSLR Camera Camcorder ( Item#: D1506 )

★★★★☆ (31 Customer Reviews) ♡ 16    Share: f 🐦 G+ 🐦 P 📌

Price: US$ ⌄  139.07

Ship From: | CN | US | GB | DE |
Out of Stock

Shipping: US$9.43  Standard Shipping ⌄ to United States

QTY:  − 1 +    Wholesale Inquiry

♡ Add to Favorites

PayPal VERIFIED   PayPal   QIWI   Яндекс деньги   BOLETO  ✓

Description | Shipping & Payment | Warranty

**Features:**
Viltrox DC-70II Clip-on LCD Monitor helps photo enthusiasts shoot high-quality HD video footage.
With 7-inch TFT high resolution wide viewing angle LCD panel.
There is also pixel magnification and peaking facility which will ensure accurate focus confirming, , give an enlarged pixel-perfect view of a selected portion of the Full HD image.
DC-70II has two HDMI jacks and one AV jack to get the video signal from the camera.
Moveable shoe adaptor enables easy removal when using a camera that has an auto lock accessory shoe.
Works with rechargeable battery NP-F550/F570/F750/F770/F960/F970 or power adapter.(Neither included.)
With foldable sun shield and carrying bag.

**Specifications:**
Model: DC-70II
Color: Black
Operation temperature: +0 to +40°C (+32 to +104°F)
Store temperature: -20 to +60°C (-4 to +140°F)
Power supply: DC8V-18V
Compatible battery: Chargeable battery NP-F550/F570/F750/F770/F960/F970 (not included)
Size of LCD screen: 7inch
Resolution: 1024 * 600 pixels
Speaker: Yes
Input port : HDMI * 2; AV; DC IN; USB
Output port: 3.5mm headphones output jack
Item size: 19 * 12.5 * 3cm / 7.5 * 4.9 * 1.2in(with sun shield)
Item weight: 523g / 18.5oz
Package size: 23.8 * 21.5 * 6.9cm / 9.4 * 8.5 * 2.7in
Package weight: 958g / 33.8oz

**Package List:**
1 * Monitor with Sun shield

Daily Deals

🕐 08 : 11 : 22

NAENY T8 Type-C Port
US$24.83
US$18.8

Hot Event

EXHIBIT "1"

8/12/2016    High Quality Video 8G 7'inch 1024*600 TFT LCD HD Monitor HDMI AV Input for DSLR Camera Camborder from Tomtop.com

1 * Hotshoe Adapter
1 * HDMI Cable
1 * Carrying Bag
1 * User Manual(Chinese & English)

## Customer Reviews

Average Rating: ★★★★☆ **4**    based on 31 Customer Reviews

| | |
|---|---|
| 5 stars | |
| 4 stars | 97% |
| 3 stars | 3% |
| 2 stars | |
| 1 stars | |

Share your thoughts with other customers and get Tomtop Points, the first 5 reviews get DOUBLE Tomtop Points!

**Write a Customer Review**

| | | |
|---|---|---|
| Overall: | ★★★★☆ | Great seller! |
| Usefulness: | ★★★★☆ | |
| Shipping: | ★★★★☆ | |
| Price: | ★★★★☆ | |
| Quality: | ★★★★★ | |

By r¹·¹·¹·¹·¹·¹·¹·¹@gmail.com
September 23, 2015 15:53:51

| | | |
|---|---|---|
| Overall: | ★★★★☆ | very very good excellent |
| Usefulness: | ★★★★☆ | |
| Shipping: | ★★★★★ | |
| Price: | ★★★★★ | |
| Quality: | ★★★★★ | |

By a·¹·¹·¹·¹·tele2.lt
September 24, 2015 15:51:01

| | | |
|---|---|---|
| Overall: | ★★★★☆ | Very good seller!! |
| Usefulness: | ★★★★☆ | |
| Shipping: | ★★★★☆ | |
| Price: | ★★★★☆ | |
| Quality: | ★★★★☆ | |

By a·¹·¹·¹·progetoadmiral.it
September 2, 2015 12:12:12

| | | |
|---|---|---|
| Overall: | ★★★★★ | Received, on time, right product, right price. |
| Usefulness: | ★★★★★ | |
| Shipping: | ★★★★☆ | |
| Price: | ★★★★★ | |
| Quality: | ★★★★☆ | |

By s·¹·¹·¹·¹·@gmail.com
August 27, 2015 17:54:48

| | | |
|---|---|---|
| Overall: | ★★★★☆ | Arrived faster then expected! |
| Usefulness: | ★★★★★ | |
| Shipping: | ★★★★★ | |
| Price: | ★★★★☆ | |
| Quality: | ★★★★☆ | |

By d·¹·¹·¹·¹·¹·¹·aol.com
May 6, 2015 12:58:30

See all customer reviews

**Top Sellers**

JXD 509G 2.4G 4CH 6-
US$103.99
**US$79.99**

WLtoys V977 Power St
US$133.50
**US$95.99**

http://www.tomtop.com/video-monitors-319/p-d1506.html

EXHIBIT "1"

**Order Detail**

Order Number AN16G15K3627-A6VT9Z     Order Status **Payment Confirmed**

| Order Submitted 07/15/2016 4:36 PM | Payment Success 07/15/2016 4:37 PM | Order Processing | Shipped | Completed Orders |
|---|---|---|---|---|

### Order Information

| | |
|---|---|
| Customer Name: | Jason Drangel |
| Shipping Address: | 60 East 42nd Street Suite 2520   New York   NY   United States   10165 ██████ |
| Shipping Method: | |
| Order Placed Date: | 2016-07-15 16:36:27 |
| Your message: | |

### Payment Information

Payment Method:     *PayPal*   PayPal

### Product Information

| ITEM | DESCRIPTION | PRICE | QUANTITY | TOTAL | REVIEW |
|---|---|---|---|---|---|
| (/vilrox-dc-70-1280-800-7-clip-on-color-tft-lcd-hd-monitor-hdmi-av-input-for-dslr-camera-camcorder-d1506.html) | Vilrox DC-70II 1024 * 600 7" Clip-on Color TFT LCD HD Monitor HDMI AV Input for DSLR Camera Camcorder (/vilrox-dc-70-1280-800-7-clip-on-color-tft-lcd-hd-monitor-hdmi-av-input-for-dslr-camera-camcorder-d1506.html)  SKU: D1506 | US$ 139.07 | 1 | US$ 139.07 | |

|  |  |
|---|---|
| Order Subtotal | US$ 139.07 |
| Shipping Cost | US$ 5.19 |
| **Grand Total** | **US$ 144.26** |



EXHIBIT "1"

8/12/2016  Case 2:16-cv-06923-JFW-AGR   Document    Filed 09/14/16   Page 3 of 8   Page ID #:90

Operation mode: Manual/ remote control
Output: Headphone
Input: VGA/AV/USB/SD/HDMI(Data cable not include)
Support File format :
Audio: WMA, MP3, M4A
Image: JPEG, BMP, PNG
Video: MPEG1, MPEG2, MPEG4, RM, RMVB, H264, MOV, MJEG, FLV, VCI, DivX
Item size: 12.7 * 12.7 * 5.7cm / 5.0 * 5.0 * 2.2in
Net weight: 379g / 13.4oz
Package size: 23.0 * 17.0 * 10.0cm / 9.1 * 6.7 * 3.9in
Package weight: 774g / 27.3oz

**Package list:**
1 * Projector
1 * Power charger (US)
1 * AV cable
1 * Remote control
1 * User manual(English)

## Customer Reviews

There are no customer reviews yet.

| | |
|---|---|
| 5 stars | |
| 4 stars | |
| 3 stars | |
| 2 stars | |
| 1 stars | |

Share your thoughts with other customers and get Tomtop Points, the first 5 reviews get DOUBLE Tomtop Points!

**Write a Customer Review**

Be the first to review this item

**Top Sellers**



JXD 509G 2.4G 4CH 6-
US$140.99
**US$79.99**



WLtoys V977 Power St
US$131.50
**US$95.99**



9/2/2016   Case 2:16-cv-06923-JFW-AGR   Document 1 Filed 09/12/16   Page 7 of 8   Page ID #:51

# PayPal

- Summary
- Activity
- Send & Request
- Wallet
- Shop

- Settings
- Help
- Log Out

## Transaction Details

### Payment to TOMTOP TECHNOLOGY LIMITED

**Manage my transaction**

Contact seller
Report unauthorized transaction

You have until 1/12/2017 08:37 PST to notify the seller directly about any problems with this order.
See the Purchase Protection Policy for more details.

**Express Checkout Payment Sent** (Unique Transaction ID #1V450986H49705441)

#### Original Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Jul 15, 2016 | Purchase From TOMTOP TECHNOLOGY LIMITED | Completed | ... | -$52.94 USD |

#### Related Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Jul 15, 2016 | Charge From Credit Card | Completed | Details | $52.94 USD |

**Business Name:** TOMTOP TECHNOLOGY LIMITED (The recipient of this payment is Non-U.S. - Verified)
**Email:** wholesale@tomtop.com

#### Shopping Cart Contents

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | HDMI Portable Mini LED Projector Home Cinema Theater HDMI AV VGA USB SD Golden US Plug Item # V767G-US | | $36.75 USD |
| | | **Amount** | $36.75 USD |

**Order Description:** Shopping Cart
**Item Total:** $36.75 USD
**Sales Tax:** $0.00 USD
**Shipping:** $16.19 USD
**Handling:** $0.00 USD
**Seller discount or charges:** $0.00 USD

EXHIBIT "1"

|  |  |
|---|---|
| **Total amount:** | -$52.94 USD |
| **Fee amount:** | $0.00 USD |
| **Net amount:** | -$52.94 USD |

|  |  |
|---|---|
| **Insurance:** | $0.00 USD |
| **Invoice ID:** | AN16G15K3713-9WIBEJ |
| **Date:** | Jul 15, 2016 |
| **Time:** | 09:37:58 PDT |
| **Status:** | Completed |

**Shipping Address:** Jason Drangel
60 East 42nd Street
Suite 2520
New York, NY 10165
United States
Confirmed [?]

**Contact Telephone:** ████████

**Business Contact Information**

**Customer Service URL:** http://www.tomtop.com
**Customer Service Email:** wholesale@tomtop.com

**Customer Service Phone:** +86 75583998906

**Funding Type:** Credit Card
**Funding Source:** $52.94 USD - ████████████████████

This credit card transaction will appear on your bill as "PAYPAL *TOMTOPTECHN".

**Description:** Shopping Cart

Return to Log

- Help
- Contact
- Security
- Feedback [+]

© 1999-2016 PayPal. All rights reserved.

- Privacy
- Legal
- Policy updates

EXHIBIT "1"

# EXHIBIT  2

# EXHIBIT E

EXHIBIT "2"

**Infringing Product 1 (shipped from an address in Guangdong, China)**



EXHIBIT "2"





EXHIBIT "2"

Case 2:16-cv-06923-JFW-AGR   Document 1-5   Filed 09/14/16   Page 4 of 7   Page ID #:56



EXHIBIT "2"

**Infringing Product 2 (shipped from an address in New Jersey)**





EXHIBIT "2"

| 屏幕显示 | 产品颜色 | 黑 |
| | 液晶屏 | 7英寸 |
| | 分辨率 | 1024×600像素 |
| 输入信号接口 | 支持HDMI / AV 信号输入, USB升级端口 | |
| 输出信号接口 | 支持HDMI信号输出 | |
| 音 频 | 支持扬声器、耳机插口Φ3.5 | |
| 电 源 | 适配电源 | DC 8V-18V |
| | 适用电池 | NP-F550/F570/F750/F770/F960/F970 |
| 工作环境 | 操作温度 | +0 to +40°C (+32 to +104°F) |
| | 储存温度 | -20 to +60°C (-4 to +140°F) |
| 尺 寸 | 约191 × 128 × 36mm | |
| 重 量 | 约480g (不包括电池) | |
| 附带配件 | 转接座×1 HDMI高清线 Type A-Type C×1 | |

EXHIBIT "2"

Case 2:16-cv-06923-JFW-AGR   Document 1-5   Filed 09/14/16   Page 7 of 7   Page ID #:59



EXHIBIT "2"

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11601 Wilshire Blvd., Ste. 800, Los Angeles, CA 90025.

On November 17, 2016, I served the foregoing documents described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DEFENDANT S TOMPTOP GROUP, LTD; SHENZHEN TOMTOP TECHNOLOGY CO., LTD; AND XINHUI LIAO AKA MIKE LIAO TO DISMISS COMPLAINT** on the following attorney(s) of record and/or interested parties in this action, by placing a true and correct copy(ies) thereof enclosed in sealed envelope(s), addressed as follows, by the following means:

### SEE ATTACHED SERVICE LIST

☐ **(BY MAIL):** I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid.  I am readily familiar with this firm's practice of collection and processing correspondence or mailing.  Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at _____, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY E-MAIL OR ELECTRONIC TRANSMISSION):** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) set forth herein.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  See Cal.R.Ct.R. 20.

☒ **(BY CM/ECF SERVICE):**  I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

Executed on November 17, 2016, at Los Angeles, California.

(FEDERAL): I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

_____
**MELANIE INGRID DAVIS**

1

2

3

**SERVICE LIST**

4

BESHADA FARNESE LLP
Peter J. Farnese, Esq.
5 10250 Constellation Blvd., Suite 2300
Los Angeles, California 90067
6 pjf@beshadafareselaw.com
Telephone: 310-356-4668
7 Facsimile: 310-388-1232

8 EPSTEIN DRANGEL LLP
Jason M. Drangel, Esq.
9 Ashly E. Sands, Esq.
Kerry B. Brownlee, Esq.
10 60 East 42nd Street, Suite 2520
New York, New York 10165
11 Jdrangel@ipcounselors.com
asands@ipcounselors.com
12 kbrownlee@ipcounselors.com
Telephone: 212-292-5390
13 Facsimile: 212-292-5391

14 *Attorneys for Plaintiff*
*HDMI Licensing, LLC*

15

16 MARK FANG, ATTORNEY AT LAW, APC
Mark M. Fang, Esq.
17 400 Camarillo Ranch Rd., Suite 2013
Camarillo, CA  93012
18 mfang@markfangapc.com
Telephone: 805-383-2788
19 Facsimile: 805-388-9488

20 HINSHAW & CULBERTSON LLP
Mark K. Suri, Esq.
21 222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
22 msuri@hinshawlaw.com
Telephone: 312-704-3000
23 Facsimile: 312-704-3001

24

25 *Attorneys for Defendants*
*Tomtop Group, LTD., Shenzhen Tomtop Technology Co., Ltd.,*
*and Xinhui Liao a/k/a Mike Liao*

26

27

28